*In Re:* PETITION OF FLORIDA CONFERENCE ASSOCIATION OF SEVENTH DAY ADVENTISTS, a non-profit corporation, for revocation of the probate of the purported last will and testament of Mamie E. Brannon, deceased.

175 So. 715.

Opinion Filed June 28, 1937.

*James M. Carson, J. C. Adkins* and *'Lewis Petteway,* for Appellant;

*C. R. Layton* and *H. L. Gray,* for Appellee.

BROWN, J.—This case originated in the County Judge's Court of Alachua County in an effort to bring about the revocation of the purported last will and testament of Mamie E. Brannon, deceased.

The cause is now before us on the motion of M. H. De-Pass, individually and as executor of the last will and testament of Mamie E. Brannon, deceased, to dismiss each of the three pending appeals in said cause. The history of these appeals is in substance the same as the history of the three appeals taken by Kansas Masonic Home, a Kansas corporation, to a similar order made by the County Judge. In this proceeding, as in that brought by the Kansas Masonic Home, there was filed in the County Judge's Court of Alachua County a suggestion of the disqualification of the presiding Judge. The presiding Judge found that the record did not disclose the truth or falsity of the suggestion and entered his order requiring the petitioner to file supporting affidavits. Subsequent thereto the petitioner filed a motion for disqualification supported by the necessary affidavits. The County Judge made an order denying the motion, thus holding himself *qualified,* and an appeal was taken by the petitioner to the Circuit Court of Alachua County, which latter Court affirmed the ruling of the County Judge. The petitioner then sued out two appeals, one to the Supreme Court, from the Circuit Court's order af-

firming the ruling of the County Judge, and the other directly to the Supreme Court from the County Judge's Court. Shortly thereafter the petitioner sued out a third appeal, being a second appeal to this Court from said order of the Circuit Court affirming on appeal the order of the County Judge. This was done because petitioner learned that the Circuit Court's order had not at the time of the first appeal was taken been recorded in the Chancery Order Book as required by law. The said order was refiled in the office of the Clerk of the Circuit Court and recorded in the Chancery Order Book in March of this year, whereupon petitioner entered said second appeal to this Court from said order of the Circuit Court.

The first question raised by this motion to dismiss each and all of said three appeals might be stated as follows: Where an entry of appeal in a chancery cause is made before the entry of the order appealed from in the Chancery Order Book, may another entry of appeal be made after the order appealed from has been properly entered, without first securing a formal dismissal of the prior attempted entry of appeal? This question has been answered by this Court in the affirmative in the matter of the appeal taken by the Kansas Masonic Home, growing out of a similar order entered by the County Judge of Alachua County, which order was likewise affirmed on appeal to the Circuit Court, and which question has been fully discussed in connection with the appellee's motion to dismiss the appeals taken by said Kansas Masonic Home. For the reasons stated in the opinion in that matter, the first appeal from the Circuit Court's order of affirmance taken to this Court by this particular appellant is hereby dismissed, but our holding is that this attempted first appeal did not prevent the entry of the second appeal to this Court from the Circuit Court's said order.

We now come to consider a more important question raised by appellee's motion to dismiss each of said three appeals. The question is: Does Section 3 of Chapter 16053, Laws of 1933, relating to disqualification of Judges, which section provides that any order declaring a Judge *qualified* shall be subject to review only by the Supreme Court, prohibit an appeal to the Circuit Court from an order of the County Judge denying a suggestion of his disqualification in a proceeding for the revocation of the probate of a purported last will in the County Judge's Court, and thereby require such an appeal to be taken from such County Judge's Court only to the Supreme Court?

Section 5 of Article V of the Constitution of this State provides that: "The Supreme Court shall have appellate jurisdiction in all cases at law and in equity originating in Circuit Courts, and of appeals from the Circuit Courts in cases arising before Judges of the County Courts in matters pertaining to their probate jurisdiction and in the management of the estate of infants," etc.

The Constitution gives to the Circuit Courts of this State supervision and appellate jurisdiction of matters arising before County Judges pertaining to their probate jurisdiction. Thus, Section 11 of Article V of our Constitution specifically provides that: "The Circuit Courts shall have * * * supervision and appellate jurisdiction of matters arising before County Judges pertaining to their probate jurisdiction, or to the estates and interests of minors, and of such other matters as the Legislature may provide."

This appellate jurisdiction of the Supreme Court and of the Circuit Courts is recognized by Section 52 of the Probate Act, Chapter 16103, Laws of 1933, approved May 24, 1933, and which became effective October 1, 1933.. Said Section 52 reads as follows:

"All orders, judgments and decrees of the County Judge finally determining rights of any party in any particular proceedings in the administration of the estate of a decedent may, as a matter of right, be appealed to the Circuit Court and from the Circuit Court to the Supreme Court. In the event of a Circuit Judge sitting as a County Judge as provided in Section 42 hereof, the appeal from any order, judgment or decree of such Circuit Judge sitting as a County Judge shall be to the Circuit Court and from the Circuit Court to the Supreme Court."

On May 22, 1933, Chapter 16053 was approved. It thus appears that the Probate Act of 1933 above referred to was approved two days subsequent to the approval of Chapter 16053, which latter chapter deals with the disqualification of Judges. It would thus appear that if there be any conflict between the two Acts, the said Probate Act, being the one last approved, would control. But it is unnecessary for us to decide this point.

Section 3 of Chapter 16053, dealing with the disqualification of Judges, provides that when, upon suggestion of disqualification made, as therein provided, the judge shall find that the suggestion is true, he shall enter an order reciting the ground of his disqualification and declare himself disqualified in the cause, but if he find that the suggestion is false he shall enter his order so reciting and declare himself to be qualified in the cause. Then said Section 3 goes on to provide that where the Judge enters an order holding himself to be *disqualified,* such order shall *not* be assignable as error and shall not be subject to review by the Supreme Court, nor shall it be subject to collateral attack; but if such Judge enters an order declaring himself *qualified* such an order holding himself qualified may be assigned as error "and shall be subject only to review by the Supreme Court on writ of error, if the cause be one at law, and by appeal

if the cause be one in chancery, but such an order shall not be subject to collateral attack."

Apparently this section seeks to give to the Supreme Court of this State exclusive appellate jurisdiction to review all orders declaring a judge *qualified,* but appellate review cannot be had of orders declaring a judge *disqualified.* As above stated, in this case the County Judge made an order holding himself *qualified,* and unless Section 11 of Article V of the Constitution prevents, an appeal from this order, under said Section 3, could be taken only to the Supreme Court. But, as above shown, Section 11 of Article V clearly provides that "The Circuit Court shall have supervision and appellate jurisdiction of matters arising before County Judges pertaining to their Probate Jurisdiction." Full force and effect must be given to this constitutional provision. Manifestly in this case, the County Judge was exercising his probate jurisdiction in dealing with the petition of the appellant here to revoke the probate of a will, and the matter of the qualification or disqualification of such County Judge, raised by the suggestion of his disqualification, was a matter arising before a County Judge which pertained to his further exercise of his probate jurisdiction.

It might be argued that an order of a County Judge finding himself qualified in a cause seeking the revocation of the probate of a will is not *per se* a probate matter. But if the qualification or disqualification of a County Judge to exercise his probate jurisdiction in a cause pending before him is not within itself a probate matter, it must be conceded that it is a matter arising before the County Judge "pertaining to his probate jurisdiction," and hence comes squarely within the scope of Section 11 of Article V giving Circuit Courts appellate jurisdiction of such matters.

But if such above suggested argument should be held

tenable where would it lead us? When a judge upon a suggestion of his disqualification being filed enters an order holding that he is qualified, it is not mandatory for the aggrieved party to immediately appeal from that order, but he may allow the cause to proceed to a final determination on its merits and then appeal from the final decree or judgment, and on that appeal ask review of the order of a Judge holding himself to be qualified. If such a situation should develop and such construction and effect should be given to said Section 3 of Chapter 16053, then it would be necessary for the aggrieved party to file two appeals, one to the Circuit Court from the decree of the County Judge affecting the probate matters exclusive of such order, and the other appeal to the Supreme Court touching solely upon the qualification of the County Judge to sit in said cause. So, even if such a construction and effect could be given to said Section 3 of said statute, obviously such a procedure would be expensive and burdensome not only to the litigant but to the courts as well, and would lead to confusion and delay in many cases.

But our holding is that that portion of Section 3 of Chapter 16053, in so far as it applies to appeals from orders made by County Judges holding themselves qualified, where a suggestion of disqualification has been made in matters arising before them pertaining to their probate jurisdiction, is unconstitutional and of no effect.

Upon the argument of this case, our attention has been called to a typographical error in the case of State, *ex rel.* Rembrandt Corporation, v. Thomas, 117 Fla. 127, 157 So. 337. In the opinion in that case Section 3 of Chapter 16053, as therein set forth in full, shows that in the last sentence of said section the word "disqualified" is used where the statute uses the word "qualified." However,

we think that the purport of the opinion itself shows that this was a typographical error.

For the reasons above pointed out, our conclusion is that the quoted portion of Section 3 of Chapter 16053 is not applicable, under the above quoted provisions of our Constitution, to appeals from orders affecting disqualification of County Judges, such as the order involved in this case, made in matters of causes pertaining to their probate jurisdiction, and that therefore the appeal from the County Judge's Court of Alachua County taken directly to this Court should be and the same is hereby dismissed. And as hereinabove stated, the first appeal from the Circuit Court to this Court, having been premature and ineffective, would not constitute such a prior appeal as to prevent the subsequent appeal to this Court, dated March 19, 1937, from being taken. The motion to dismiss the first appeal herein, dated February 17, 1937, is granted, whereas the motion to dismiss the subsequent appeal of March 19, 1937, is denied.

It is so ordered.

ELLIS, C. J., and TERRELL and BUFORD, J. J., concur.

Mr. Justice DAVIS concurred in the foregoing opinion.